UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br>     Plaintiff, <br> v. <br> TRAXCELL TECHNOLOGIES LLC, <br>     Defendant. | Case No. 21-cv-06059-EMC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER** <br> Docket No. 17 |

    Plaintiff Apple Inc. has brought a suit for declaratory relief against Defendant Traxcell Technologies, LLC. Traxcell is the owner of the '147 patent. Apple asks for a declaration that it does not infringe Traxcell's '147 patent. Currently pending before the Court is Traxcell's motion to dismiss based on the first-to-file rule. Alternatively, Traxcell asks the Court to transfer the case to the Western District of Texas pursuant to 28 U.S.C. § 1404.

    The Court denies the motion to dismiss. The motion to dismiss is predicated on the first-to-file rule. According to Traxcell, the dispute between the parties was first filed in the Western District of Texas and this Court should, in essence, defer to the Texas court to resolve the dispute. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (noting that "[t]he first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court"); *Z-Line Designs, Inc. v. Bell'O Int'l Ltd. Liab. Co.*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (noting that a court may stay a case pursuant to the first-to-file rule or dismiss or transfer the case). However, the Texas court recently dismissed the action before it. *See* Docket No. 33-1 (order issued by Texas court). The fact that Traxcell recently filed a new lawsuit in the Western District based on

the '147 patent does not alter the fact that the earlier case has been dismissed.

As for the alternative motion to transfer, the Court also denies that request for relief. Traxcell has the burden of showing that transfer pursuant to 28 U.S.C. § 1404 is appropriate. *See Pac. Coast Fed'n of Fishermen's Ass'ns v. United States DOI*, No. 12-2158 JSC, 2012 U.S. Dist. LEXIS 109951, at *6-7 (N.D. Cal. Aug. 6, 2012); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). It has failed to meet that burden. For example, even crediting Traxcell's claim that its "key witness Mr. Reed is located in Waco" – notably, only on a part-time basis – Reply at 10; *see also* Reed Reply Decl. ¶ 11 (testifying that "Traxcell's Waco Office . . . provides me a residence address and I am located part-time in the Waco office"), there is no indication that any other significant witnesses are based in the Western District of Texas. For example, even though Apple may have a significant presence in Austin (in terms of nonretail offices), it does not appear that the employees there have any "responsibilities for the design, development, engineering, licensing, or marketing of the Accused Features." Rollins Decl. ¶ 16. Rather, with respect to the technology at issue, Apple has provided evidence that "nearly all of [its] engineers who participated in or are knowledgeable about the research, design, and development of the Accused Features have a primary workplace in the NDCA." Rollins Decl. ¶ 6. *See, e.g.*, Rollins Decl. ¶ 7 (testifying that Donna Pietteri is a Senior Manager of the Maps Services US OPEX group at Apple"; that she and "her team are responsible for the research, design, and development related to Maps navigations services such as routing, navigation, and traffic functions and including the Accused Features"; and that all U.S.-based employees currently working on the Accused Features have a primary workplace in the NDCA); Rollins Decl. ¶¶ 8-9 (providing similar testimony for other managers and their team members). Also, the "source code associated with the Accused Features was developed, coded, and tested in the NDCA" and "resides on local computers and/or servers either located in or around the NDCA or accessible in the NDCA." Rollins Decl. ¶ 6.

///

///

///

Accordingly, both Traxcell's motion to dismiss and alternative motion to transfer are denied.

This order disposes of Docket No. 17.

**IT IS SO ORDERED**.

Dated: January 3, 2022

_____
EDWARD M. CHEN
United States District Judge